1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10   STEVEN NUR AHMED,

11            Plaintiff,              No. 2:10-cv-3178 MCE DAD PS

12       v.

13   COUNTY OF SACRAMENTO, et al.,        FINDINGS AND RECOMMENDATIONS

14            Defendants.

15   _____/

16            This matter came before the court on February 18, 2011, for hearing of

17   defendants' motion to dismiss and motion to strike.  Attorney Laura Marabito appeared for the

18   moving party.  Plaintiff, proceeding pro se, appeared on his own behalf.  Oral argument was

19   heard, and defendants' motions were taken under submission.  For the reasons set forth below,

20   the court will recommend that defendants' motion to dismiss be granted in part.[1]

21   /////

22

23   _____
        [1]  In light of the recommended disposition of the pending motion to dismiss, the court
24   will not rule on defendants' motion to strike plaintiff's prayer for punitive damages, brought
     pursuant to Rule 12(f) on the grounds that punitive damages are not recoverable against a public
25   entity.  However, defendants are advised that Rule 12(f) does not authorize a district court to
     strike a claim for relief on the grounds that such relief is precluded as a matter of law.  See
26   Whittlestone, Inc. v. Handi-Craft, Co., 618 F3d 970, 976 (9th Cir. 2010) ("We hold that Rule
     12(f) of the Federal Rules of Civil Procedure does not authorize a district court to dismiss a claim
     for damages on the basis it is precluded as a matter of law.").

BACKGROUND

Plaintiff initiated this action by filing his complaint on November 24, 2010, naming as defendants the County of Sacramento, Sacramento County Public Defender Paulino G. Duran, and Assistant Sacramento County Public Defender Alice Michel.  Therein, plaintiff alleges as follows.  On September 23, 2008, plaintiff met with Assistant Public Defender Alice Michel and requested information regarding a law student internship, paid or unpaid, with the Sacramento County Public Defender.[2]  (Compl. (Doc. No. 1) at 2-3.)[3]  Michel's response was vague and evasive, but she told plaintiff to email her a letter of inquiry, a resume, and a writing sample sometime in November of that year.  (Id. at 2.)  Michel also told plaintiff that, in the past, only students from selected law schools had been consistently chosen for internships and that there was no criteria for determining who would be selected.  (Id. at 2-3.)  In this regard, Michel would not provide plaintiff with any written procedures for the selection of interns.  (Id. at 3.)  Michel also did not discuss with plaintiff what the duties of the internship would entail.  (Id.)  Michel did, however, provide plaintiff her business card and her email address.  (Id.)

Plaintiff emailed his resume to Michel on October 12, 2008.  (Id.)  Michel did not respond to plaintiff's email and did not return his telephone calls or the telephone calls of Abraham Robles, the Registrar at the Lorenzo Patino School of Law which plaintiff attended.  (Id.)  On November 15, 2008, Michel notified Robles that plaintiff "was denied" an internship with the Public Defender's Office.[4]  (Id.)  Michel also informed Robles that she did not have a formal process for selecting interns.  (Id.)

---

[2]  For every date identified by plaintiff in his complaint he alleges that the events alleged occurred "on or about" the given date.  The court will omit that qualifying phrase from the summary of plaintiff's factual allegations.

[3]  Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

[4]  Apparently unaware that he had not been selected for an internship with the County Public Defender, plaintiff again emailed his resume to Michel on November 16, 2008.

1    On February 2, 2009, plaintiff filed a charge with the Equal Employment

2    Opportunity Commission ("EEOC") alleging that the defendants named in this action had

3    discriminated against plaintiff based on his age.  (Id. 3-4.)  On October 7, 2010 plaintiff received

4    a "Notice to Sue Letter."  (Id. at 4.)

5    On November 24, 2010, plaintiff filed this complaint alleging that the defendants

6    violated the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq., the Equal

7    Protection Clause of the Fourteenth Amendment, the Civil Service Rules for the County of

8    Sacramento, and subjected plaintiff to the intentional infliction of emotional distress.  On January

9    6, 2011, defendants filed the motion to dismiss now pending before the court.  (Doc. No. 7.)  On

10   February 4, 2011, plaintiff filed an opposition to defendants' motion to dismiss.  (Doc. No. 9.)

11   Defendants filed a reply on February 10, 2011.  (Doc. No. 10.)

12   DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)

13   Defendants seeks dismissal of plaintiff's complaint with prejudice.  In moving to

14   dismiss defendants argue that: 1) plaintiff's claim under the Age Discrimination in Employment

15   Act fails to state a claim upon which relief can be granted; and 2) plaintiff's equal protection

16   claim under the Fourteenth Amendment fails to state a claim upon which relief can be granted.[5]

17   LEGAL STANDARDS APPLICABLE TO DEFENDANT'S MOTION

18   The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal

19   sufficiency of the complaint.  N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir.

20   1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of

21   sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pacifica Police Dep't, 901

22   F.2d 696, 699 (9th Cir. 1990).  A plaintiff is required to allege "enough facts to state a claim to

23   relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  Thus,

24

25   [5] Defendants have also moved to dismiss plaintiff's state law claims.  In light of the
     recommended disposition, as set forth below, of the pending motion to dismiss with respect to
26   plaintiff's federal claims the court will not address this aspect of defendants' motion to dismiss.

3

1   a defendant's Rule 12(b)(6) motion challenges the court's ability to grant any relief on the

2   plaintiff's claims, even if the plaintiff's allegations are true.

3            In determining whether a complaint states a claim on which relief may be granted,

4   the court accepts as true the allegations in the complaint and construes the allegations in the light

5   most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v.

6   United States, 915 F.2d 1242, 1245 (9th Cir. 1989).  In general, pro se complaints are held to less

7   stringent standards than formal pleadings drafted by lawyers.  Haines v. Kerner, 404 U.S. 519,

8   520-21 (1972).  However, the court need not assume the truth of legal conclusions cast in the

9   form of factual allegations.  W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).  The

10   court is permitted to consider material which is properly submitted as part of the complaint,

11   documents not physically attached to the complaint if their authenticity is not contested and the

12   plaintiff's complaint necessarily relies on them, and matters of public record.  Lee v. City of Los

13   Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

14            Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a

15   complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that

16   state the elements of each claim plainly and succinctly.  Fed. R. Civ. P. 8(a)(2); Jones v.

17   Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  The plaintiff must allege with at

18   least some degree of particularity overt acts which the defendants engaged in that support the

19   plaintiff's claims.  Jones, 733 F.2d at 649.  A complaint must also contain "a short and plain

20   statement of the grounds for the court's jurisdiction" and "a demand for the relief sought."  Fed.

21   R. Civ. P. 8(a)(1) & 8(a)(3).

22                                     ANALYSIS

23   I.  Age Discrimination in Employment Act

24            Plaintiff alleges that the "County of Sacramento by and through its agents Alice

25   Michel and Pualino G. Duran, Public Defenders" discriminated against him in violation of 29

26   U.S.C. § 623(b).  (Compl. (Doc. No. 1) at 4.)  Specifically, plaintiff alleges that defendant

                                          4

1  Michel:

2  upon her physical observation of plaintiff failed to and refused to
   give plaintiff after his repeated requests any published nor (sic)
3  non-published employment criteria for the position [of] Public
   Defender Intern.  Furthermore, defendant Alice Michel failed to
4  and refused to answer any questions regarding the academic
   requirements necessary to qualify for said intern position.
5
   Furthermore, on or about November 15, defendant Alice Michel
6  said to Abraham Robles, Registrar of Lorenzo Patino School of
   Law, that she did not receive plaintiff's resume and then later
7  stated that plaintiff had not been selected even though there was no
   published criteria.
8
   Defendants intentionally furthered vague references to non paid
9  and paid internship positions to further their arbitrary selection
   process so as to exclude plaintiff because of his age.
10

11  (Id. at 4-5.)

12      "The Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 621

13  et seq., makes it unlawful for an employer to discriminate against any employee 'because of' that

14  individual's age, § 623(a)."  Gross v. FBL Financial Services, Inc., ___ U.S. ___, ___, 129 S. Ct.

15  2343, 2352-53 (2009).  "Under the ADEA, employers may not 'fail or refuse to hire . . . any

16  individual [who is at least forty years old] or otherwise discriminate against any individual with

17  respect to his compensation, terms, conditions, or privileges of employment, because of such

18  individual's age.'"  Enlow v. Salem-Keizer Yellow Cab Co., 389 F.3d 802, 811 (9th Cir. 2004)

19  (quoting 29 U.S.C. § 623(a)(1)).  However, the "ADEA does not make it unlawful for an

20  employer to do a poor job of selecting employees.  It merely makes it unlawful to discriminate on

21  the basis of age."  Cotton v. Alameda, 812 F.2d 1245, 1249 (9th Cir. 1987).  "To establish an

22  ADEA claim, a 'plaintiff must prove by a preponderance of the evidence (which may be direct or

23  circumstantial), that age was the 'but-for' cause of the challenged employment decision.'"

24  E.E.O.C. v. Timeless Investments, Inc., 734 F. Supp.2d 1035, 1062 (E.D. Cal. 2010) (quoting

25  Gross, 129 S. Ct. at 2351).  Under "but-for" causation, a plaintiff must show that age was the

26  reason" for the adverse employment action; there is no ADEA liability for "mixed motive"

1    employment actions.  See Gross, 129 S. Ct. at 2350, 2352; Leibowitz v. Cornell Univ., 584 F.3d

2    487, 498 n.2 (2d Cir. 2009); Timeless Investments, Inc., 734 F. Supp.2d at 1062.

3            "[Courts] evaluate ADEA claims that are based on circumstantial evidence of

4    discrimination by using the three stage burden-shifting framework laid out in McDonnell

5    Douglas Corp. v. Green, 411 U.S. 792 (1973)."  Diaz v. Eagle Produce Ltd. P'shp, 521 F.3d

6    1201, 1207 (9th Cir. 2008); see Enlow, 389 F.3d at 812.  Under the McDonnell Douglas

7    framework:

8            the employee must first establish a prima facie case of age
             discrimination.  If the employee has justified a presumption of
9            discrimination, the burden shifts to the employer to articulate a
             legitimate, nondiscriminatory reason for its adverse employment
10           action.  If the employer satisfies its burden, the employee must then
             prove that the reason advanced by the employer constitutes mere
11           pretext for unlawful discrimination.

12   Diaz, 521 F.3d at 1207.

13           In order to prove a prima facie case of discrimination in the context of a failure to

14   hire, a plaintiff must show that: (1) he was at least 40 years old at the time of the alleged

15   discrimination; (2) he was subjected to an adverse employment action; (3) he was otherwise

16   qualified for the position; and (4) after he was rejected, a substantially younger applicant was

17   selected.  Hedrick v. W. Reserve Care Sys., 355 F.3d 444, 460 (6th Cir. 2004); Zaccagnini v.

18   Charles Levy Circ. Co., 338 F.3d 672, 675 (7th Cir. 2003); Timeless Investments, Inc., 734 F.

19   Supp.2d at 1062; see also O'Connor v. Consol. Coin Caterers Corp., 517 U.S. 308, 312-13

20   (1996) ("The fact that one person in the protected class has lost out to another person in the

21   protected class is thus irrelevant, so long as he has lost out because of his age . . . .  [T]he fact

22   that a replacement is substantially younger than the plaintiff is a far more reliable indicator of age

23   discrimination than is the fact that the plaintiff was replaced by someone outside the protected

24   class.");  Cotton, 812 F.2d at 1248.

25           Here, plaintiff has failed to allege in his complaint three of the requisite elements

26   of a prima facie case of age discrimination.  First, defendant correctly points out that plaintiff's

1   complaint is devoid of any allegation that he was at least forty years old at the time of the alleged

2   discrimination.[6]  Second, plaintiff's complaint fails to allege that he was well-qualified for the

3   internship position.  Third, plaintiff has also failed to allege that after he was rejected, a

4   substantially younger applicant was selected for the internship.  Nor has plaintiff asserted a clear

5   allegation that his age was the "but for" cause of defendants' failure to name him as an intern.[7]

6   Even accepting as true the allegations of the complaint and construing them in the light most

7   favorable to plaintiff, all plaintiff has alleged is that he applied for an internship and was not

8   selected.  That is insufficient to state a cognizable claim for relief.

9          Moreover, plaintiff's complaint is devoid of any factual allegations involving

10  defendants Paulino Duran and the County of Sacramento.  To state a claim on which relief may

11  be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its

12  face."  Twombly, 550 U.S. at 570.  Although the Federal Rules of Civil Procedure adopt a

13  flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims

14  and must allege facts that state the elements of each claim plainly and succinctly.  Fed. R. Civ. P.

15  8(a)(2); Jones, 733 F.2d at 649.  "A pleading that offers 'labels and conclusions' or 'a formulaic

16  recitation of the elements of cause of action will not do.'  Nor does a complaint suffice if it

17  tenders 'naked assertions' devoid of 'further factual enhancements.'"  Ashcroft v. Iqbal,

18  ___U.S.___,___, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 555, 557).  A

19  plaintiff must allege with at least some degree of particularity overt acts which the defendants

20

21      [6]  In opposing defendant's motion to dismiss, plaintiff again fails to directly state that he
    was at least forty years old at the time of the alleged discrimination.  Instead, he argues that it
22  was evident that plaintiff was over forty years old because: 1) the EEOC investigated his
    allegations; 2) defendant Michel observed plaintiff in her office; and 3) the resume plaintiff
23  submitted to defendant Michel listed over thirty years of employment history.  Plaintiff also
    refers to an "exhibit 1" allegedly submitted with his complaint which purportedly related to the
24  EEOC's investigation of his claim.  (Pl.'s Opp.'n. (Doc. No. 9) at 6.)  However, plaintiff is
    advised that there is no exhibit 1 attached to the complaint that he filed with the court.

25      [7]  It is not even apparent plaintiff's allegations that he successfully applied for an
    internship with the County Public Defender's Office in that he alleges that defendant Michel
26  represented to Mr. Robles that she had not received plaintiff's resume.

1   engaged in that support the plaintiff's claims.  <u>Jones</u>, 733 F.2d at 649.

2            Finally, with respect to defendants Michel and Duran, "[i]ndividual defendants

3   have no liability under the ADEA statutory scheme, and claims against defendants in their

4   individual capacities may be properly dismissed for failure to state a claim."[8]  <u>Wynes v. Kaiser</u>

5   <u>Permanente Hospitals</u>, No. 2:10-cv-00702-MCE-GGH, 2011 WL 1302916 at *5 (E.D. Cal. Mar.

6   31, 2011) (citing <u>Miller v. Maxwell's Int'l, Inc.</u>, 991 F.2d 583, 587 (9th Cir. 1993) (holding that

7   "individual defendants cannot be held liable for damages . . . under the ADEA")).  <u>See also</u>

8   <u>Walsh v. Nevada Dept. of Human Resources</u>, 471 F.3d 1033, 1038 (9th Cir. 2006) (Title VII's

9   bar on suits against individual defendants under the holding of <u>Miller</u> also applied to suits

10   brought under Title I of the ADA); <u>Lu v. China Bowl</u>, No. C-07-4979 MMC, 2007 WL 4322603

11   at *1 (N.D. Cal. Dec. 7, 2007) ("'Both [Title VII and the ADEA] limit civil liability to the

12   employer.'") (quoting <u>Miller</u> 991 F.2d at 587).

13            For the reasons stated above, the court finds that plaintiff's complaint fails to state

14   an ADEA claim upon which relief may be granted and defendants' motion to dismiss this claim

15   should therefore be granted.

16   II.  <u>Fourteenth Amendment</u>

17            Plaintiff alleges that "[o]n or about September 23, 2008," the defendants denied

18   plaintiff his constitutional right to equal protection of the laws because the defendants "jointly

19   and severally are a state agency or employees of a state agency who . . . were working within the

20   scope of their duties" and failed to conform "to the laws, ordinances, or civil service rules within

21   their jurisdiction."  (Compl. (Doc. No. 1) at 5.)

22   /////

23

24            [8]  In opposing defendants' motion to dismiss, plaintiff merely argues in conclusory
     fashion that a claim for damages against a public official in his or her individual capacity may be
     maintained pursuant to 29 U.S.C. § 623(b).  A reading of the provision, which prohibits age
25   discrimination by an employment agency, reveals that it does not stand for the proposition for
     which it is cited by plaintiff.  Moreover the cases cited by plaintiff in this regard do not concern
26   claims brought under the ADA such as his.

8

1    The Fourteenth Amendment to the United States Constitution provides, among

2    other protections, that no State shall deprive any person of life, liberty, or property without due

3    process of law, or deny to any person within the State's jurisdiction the equal protection of the

4    laws.  U.S. Const. amend. XIV § 1.  "The Equal Protection Clause of the Fourteenth Amendment

5    commands that no State shall 'deny to any person within its jurisdiction the equal protection of

6    the laws,' which is essentially a direction that all persons similarly situated should be treated

7    alike."  City of Cleburne, Tex. v. Cleburne Living Center, 473 U.S. 432, 439 (1985).  See also

8    Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001).  An equal protection claim may

9    be established in two ways.  First, a plaintiff must show that the defendant acted with an intent or

10   purpose to discriminate against him based upon his membership in a protected class.  Serrano v.

11   Francis, 345 F.3d 1071, 1082 (9th Cir. 2003); Lee, 250 F.3d at 686.  Second, if the action does

12   not involved a suspect classification, a plaintiff may establish an equal protection violation by

13   showing that similarly situated individuals were intentionally treated differently without a

14   rational basis for the disparate treatment.  Village of Willowbrook v. Olech, 528 U.S. 562, 564

15   (2000)

16   However, a litigant who complains of a violation of a constitutional right does not

17   have a cause of action directly under the United States Constitution.  Livadas v. Bradshaw, 512

18   U.S. 107, 132 (1994) (affirming that it is 42 U.S.C. § 1983 that provides a federal cause of action

19   for the deprivation of rights secured by the United States Constitution); Chapman v. Houston

20   Welfare Rights Org., 441 U.S. 600, 617 (1979) (explaining that 42 U.S.C. § 1983 was enacted to

21   create a private cause of action for violations of the United States Constitution); Azul-Pacifico,

22   Inc. v. City of Los Angeles, 973 F.2d 704, 705 (9th Cir. 1992) ("Plaintiff has no cause of action

23   directly under the United States Constitution.").

24   Title 42 U.S.C. § 1983 provides that,

25   [e]very person who, under color of [state law] . . . subjects, or
     causes to be subjected, any citizen of the United States . . . to the

26   deprivation of any rights, privileges, or immunities secured by the

9

Constitution and laws, shall be liable to the party injured in an
action at law, suit in equity, or other proper proceeding for redress.

The statute requires that there be an actual connection or link between the actions of the
defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Dep't of
Soc. Servs. City of New York, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A
person 'subjects' another to the deprivation of a constitutional right, within the meaning of §
1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform
an act which he is legally required to do that causes the deprivation of which complaint is made."
Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the
actions of their employees under a theory of respondeat superior and, therefore, when a named
defendant holds a supervisorial position, the causal link between him and the claimed
constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862
(9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory
allegations concerning the involvement of official personnel in civil rights violations are not
sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

"To establish municipal liability under § 1983, a plaintiff must show that (1)[he]
was deprived of a constitutional right; (2) the County had a policy; (3) the policy amounted to a
deliberate indifference to [his] constitutional right; and (4) the policy was the moving force
behind the constitutional violation."  Burke v. County of Alameda, 586 F.3d 725, 734 (9th Cir.
2009).  "Liability will lie against a municipal entity under § 1983 only if a plaintiff shows that his
constitutional injury was caused by employees acting pursuant to an official policy or
longstanding practice or custom, or that the injury was caused or ratified by an individual with
final policy-making authority."  Chudacoff v. Univ. Med. Ctr. of S. Nev., ___ F.3d ___, ___,
2011 WL 2276774 at *6 (9th Cir. 2011) (internal quotation marks and citation omitted).  See also
Monell, 436 U.S. at 694.

1    In order to state a cognizable claim under § 1983 the plaintiff must allege facts

2    demonstrating that he was deprived of a right secured by the Constitution or laws of the United

3    States and that the deprivation was committed by a person acting under color of state law.  West

4    v. Atkins, 487 U.S. 42, 48 (1988).  It is the plaintiff's burden in bringing a claim under § 1983 to

5    allege, and ultimately establish, that the named defendants were acting under color of state law

6    when they deprived him of a federal right.  Lee v. Katz, 276 F.3d 550, 553-54 (9th Cir. 2002).

7    Here, plaintiff's complaint fail to allege facts demonstrating that he was deprived

8    of a right secured by the Constitution or laws of the United States.  Plaintiff has merely alleged

9    that on September 23, 2008, he met with defendant Michel and inquired about a student

10   internship with the office of the Sacramento County Public Defender.  Michel informed plaintiff

11   about the materials he needed to submit, the deadline for submission of those materials and

12   provided plaintiff with her contact information.  Plaintiff submitted the required materials but

13   was not selected for an internship.  These allegations do not implicate a right secured by the

14   Constitution or the laws of the United States.  For the same reasons the allegations failed to state

15   a cognizable ADEA claim, they also fail to state a cognizable Equal Protection claim.  Moreover,

16   plaintiff's complaint fails to specify how the named defendants were responsible for depriving

17   him of any constitutional right.  Finally, plaintiff's complaint is devoid of any factual allegations

18   regarding an official policy or longstanding practice on the part of the County of Sacramento

19   amounting to deliberate indifference to his constitutional right .

20   Accordingly, for the reasons stated above, the court finds that plaintiff's complaint

21   fails to state a claim pursuant to the Fourteenth Amendment upon which relief may be granted

22   and defendants' motion to dismiss that claim should therefore be granted as well.

23                                CONCLUSION

24   Both of plaintiff's federal claims should be dismissed for failure to state a claim

25   upon which relief may be granted.  The undersigned has carefully considered whether plaintiff

26   could file an amended complaint that states a cognizable federal claim that would not be subject

11

1   to dismissal.  "Valid reasons for denying leave to amend include undue delay, bad faith,

2   prejudice, and futility."  <u>California Architectural Bldg. Prod. v. Franciscan Ceramics</u>, 818 F.2d

3   1466, 1472 (9th Cir. 1988).  <u>See</u> also <u>Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv.</u>

4   <u>Bureau</u>, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that, while leave to amend shall be freely

5   given, the court does not have to allow futile amendments).  It appears that granting further leave

6   to amend would be futile in this instance given the nature of plaintiff's complaint and the defects

7   noted above.

8           If these findings and recommendations are adopted, only purely state law claims

9   will remain.  A district court may decline to exercise supplemental jurisdiction over state law

10  claims if the district court has dismissed all claims over which it has original jurisdiction.  28

11  U.S.C. § 1367(c)(3).  The court's discretion to decline jurisdiction over state law claims is

12  informed by the values of judicial economy, fairness, convenience, and comity.  <u>Acri v. Varian</u>

13  <u>Associates, Inc.</u>, 114 F.3d 999, 1001 (9th Cir. 1997).  In addition, "[t]he Supreme Court has

14  stated, and [the Ninth Circuit] ha[s] often repeated, that 'in the usual case in which all federal-

15  law claims are eliminated before trial, the balance of factors . . . will point toward declining to

16  exercise jurisdiction over the remaining state-law claims.'"  <u>Acri</u>, 114 F.3d at 1001 (quoting

17  <u>Carnegie-Mellon Univ. v. Cohill</u>, 484 U.S. 343, 350 n. 7 (1988)).  Here, the undersigned will

18  recommend that the assigned district judge decline to exercise jurisdiction over plaintiff's

19  supplemental state law claims.

20          Accordingly, IT IS HEREBY RECOMMENDED that:

21          1.  Defendants' January 6, 2011 motion to dismiss (Doc. No. 7) be granted in part;

22          2.  Plaintiff's claims alleged under federal law be dismissed with prejudice;

23          3.  The court decline to exercise supplemental jurisdiction over plaintiff's state

24  law claims;

25          4.  Plaintiff's supplemental state law claims be dismissed; and

26          5.  This action be closed.

12

1        These findings and recommendations are submitted to the United States District

2    Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

3    days after being served with these findings and recommendations, any party may file written

4    objections with the court and serve a copy on all parties.  Such a document should be captioned

5    "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

6    shall be served and filed within seven days after service of the objections.  The parties are

7    advised that failure to file objections within the specified time may waive the right to appeal the

8    District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

9    DATED: September 1, 2011.

10

11   _____

12   DALE A. DROZD
     UNITED STATES MAGISTRATE JUDGE

13   DAD:6
     orders.prose/ahmed3178.mtd.f&rs

14

15

16

17

18

19

20

21

22

23

24

25

26